ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI-ESPECIAL

| JULIO E. GIL DE LAMADRID DE JESÚS<br><br>APELANTE<br><br>V.<br><br>CENTRO DE RECAUDACIONES DE INGRESOS MUNICIPALES (CRIM) Y OTROS<br><br>APELADOS | KLAN202400508 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2023CV04804<br><br>Sobre: Injunction Preliminar, Injunction Permanente y/o Sentencia Declaratoria |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de junio de 2024.

Comparece ante nosotros el Sr. Julio E. Gil De Lamadrid De Jesús (Sr. De Lamadrid De Jesús; apelante) mediante el presente recurso de apelación y nos solicita que revoquemos la *Sentencia* emitida el 12 de abril de 2024, notificada el 15 de abril de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).

Adelantamos que, por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

**I**

El 30 de agosto de 2023, el apelante presentó una *Solicitud de Entredicho* en contra del Centro de Recaudaciones de Ingresos Municipales (CRIM; apelada) y el Estado Libre Asociado de Puerto Rico (ELA), mediante la cual solicitó varios remedios.[1] Entre ellos: que se declarara prescrita y/o caducada cualquier deuda de más de cinco años; que se elimine cualquiera deuda que tenga más de cinco (5) años; que se ordenara el cese y desista de mantener en sus récords y/o expedientes suma de dinero por concepto de deuda sobre contribuciones territoriales

---

[1] Apéndice del recurso, págs. 1-3.

Número Identificador
SEN2024_____

que tenga más de cinco (5) años; que se ordenara la notificación de deuda solamente por los últimos cinco (5) años, menos los pagos realizados; y, que se declare al apelante como nuevo adquirente, por lo que solamente respondería por los cinco (5) años a tenor con la ley del CRIM.

El 13 de septiembre de 2023, el ELA presentó una *Moción de Desestimación* en la cual alegó que la *Solicitud de Entredicho* no exponía una reclamación que justifique la concesión de un remedio en cuanto a este.[2] El TPI dictó una *Orden* esa misma fecha, notificada el 14 de septiembre de 2023, en la cual concedió término al demandante y apelante ante nosotros, para reaccionar u oponerse a lo solicitado por el ELA;[3] transcurrido el término provisto, el Sr. De Lamadrid De Jesús no presentó oposición a la moción de desestimación.

Posteriormente, el apelante presentó un *Escrito en Solicitud de Anotación de Rebeldía; Consignación y Solicitud de Sentencia* el 18 de octubre de 2023.[4] En síntesis, solicitó que se le anotara la rebeldía al CRIM por no haber presentado una alegación responsiva dentro del término legal establecido para ello, y que se procediera a dictar sentencia en rebeldía en su contra. La referida solicitud fue declara No Ha Lugar por el TPI.[5]

El 7 de noviembre de 2023, el apelante volvió a presentar un *Escrito en Solicitud de Anotación de Rebeldía; Informando Consignación Y Que se resuelva la Solicitud de Sentencia*.[6] El 8 de noviembre de 2023, el TPI emitió una *Orden* mediante la cual denegó la solicitud del apelante para que se le anotara la rebeldía al CRIM y le concedió un término final de quince (15) días a la agencia para presentar una alegación responsiva.[7] A su vez, en esa misma fecha, el apelante presentó un *Escrito en Solicitud de Reconsideración*, el cual fue declarado No Ha Lugar por el TPI mediante una *Resolución* emitida y notificada ese mismo día.[8]

---

[2] Véase, entrada 10 del expediente digital del caso Núm. BY2023CV04804 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] SUMAC entrada 11 del caso Núm. BY2023CV04804.
[4] SUMAC entrada 13 del caso Núm. BY2023CV04804.
[5] SUMAC entrada 15 del caso Núm. BY2023CV04804.
[6] SUMAC entrada 16 del caso Núm. BY2023CV04804.
[7] SUMAC entrada 17 del caso Núm. BY2023CV04804.
[8] SUMAC entradas 18 y 19 del caso Núm. BY2023CV04804.

Inconforme con dicha determinación, el 13 de noviembre de 2023, el apelante acudió ante nosotros mediante recurso de *certiorari* en el que señaló que el TPI había incidido al conceder término adicional al CRIM para presentar su alegación responsiva.[9] Este Tribunal de Apelaciones no expidió el auto de *certiorari*.[10]

El 13 de noviembre de 2023, el CRIM presentó una *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil*.[11] En su escrito el CRIM solicitó la desestimación de las causas de acción toda vez que no se cumplieron con los requisitos del *Injunction preliminar*, *Injunction permanente,* ni con los requisitos para dictar una sentencia declaratoria ante la ausencia de un daño irreparable y un remedio adecuado en ley. Además, el CRIM señaló que el apelante no agotó los remedios administrativos. Es decir, que conforme establece el Artículo 7.065 de la Ley Núm. 107-2020, *infra*, el apelante debía presentar una solicitud de revisión administrativa ante el CRIM dentro del término de treinta (30) días siguientes a la notificación de la contribución. Asimismo, expresaron que el TPI carecía de jurisdicción sobre la materia.

Por su parte, el Sr. De Lamadrid De Jesús se opuso mediante su *Oposición a Desestimación* presentada el 14 de febrero de 2024.[12] En lo pertinente, destacó que no pudo agotar los remedios administrativos debido a que el CRIM se había negado a efectuar la correspondiente notificación a tenor con el Artículo 7.065 de la Ley Núm. 107- 2020, *infra*, y que a pesar de que había solicitado la correspondiente notificación, el CRIM hizo caso omiso. Igualmente, señaló que la *Demanda* presentada en el caso de epígrafe expone una reclamación que justifica la concesión de un remedio y que la controversia versaba sobre cuestiones de derecho.

---

[9] Véase, KLCE202301268.
[10] La *Resolución* del caso KLCE202301268 fue emitida el 30 de noviembre de 2023. Cabe señalar, además, que el 11 de diciembre de 2023 el Sr. De Lamadrid De Jesús presentó un recurso de *certiorari* ante el Tribunal Supremo de Puerto Rico. No obstante, nuestro más Alto Foro denegó la expedición del recurso mediante una *Resolución* emitida el 2 de febrero de 2024 en el caso CC-2023-0797.
[11] Apéndice del recurso, págs. 4-7.
[12] Apéndice del recurso, págs. 8-14.

Luego de examinada la moción de desestimación y su oposición, el TPI emitió una *Orden* a los efectos de ordenarle al Sr. De Lamadrid De Jesús que acreditara las gestiones mencionadas en el inciso doce (12) de la *Demanda*.[13] Esto es, para obtener el desglose de las alegadas deudas y/o una notificación a tenor con el Artículo 7.065 de la Ley Núm. 107- 2020, *infra*. De otro lado, le ordenó al CRIM que aclarara cómo el apelante debía agotar los remedios administrativos sin que tenga un desglose de las alegadas deudas.

Por su parte, el 11 de marzo de 2024, el CRIM presentó un *Escrito en Cumplimiento de Orden*.[14] En este, el CRIM mencionó que los procesos administrativos de esta agencia requieren que el contribuyente solicite una certificación de deuda-ya sea mediante correo electrónico, a través de su página *web* o mediante llamada telefónica, para impugnar los pagos de contribuciones sobre las propiedades inmuebles. Así pues, manifestó que el apelante conocía de este proceso puesto que había solicitado otros servicios en el CRIM. El aludido escrito fue acompañado de una Solicitud de Cambio de Dueño y un formulario presentado en el CRIM sobre Poder Legal y Declaración del Representante. Por tanto, aseguraron que el apelante no había iniciado ninguna solicitud de servicio ante el CRIM referente a la impugnación de la deuda.

El Sr. De Lamadrid De Jesús ripostó con una *Solicitud de Permiso para Presentar Réplica*.[15] Así pues, nuevamente resaltó que en varias ocasiones le había solicitado al CRIM la revisión de la deuda y/o la notificación formal, pero nunca recibió respuesta de estos. Anejó con dicha solicitud unos alegados correos electrónicos que envió al representante legal del CRIM.

Así las cosas, el 12 de abril de 2024, notificada el 15 del mismo mes y año, el TPI dictó *Sentencia*.[16] En el referido dictamen, el TPI declaró Con Lugar la moción de desestimación presentada por el CRIM contra el Sr. De

---

[13] Apéndice del recurso, págs. 16-17.
[14] Apéndice del recurso, págs. 18-24.
[15] Apéndice del recurso, págs. 25-28.
[16] Apéndice del recurso, págs. 30-35.

Lamadrid De Jesús bajo el fundamento de que la *Demanda* dejaba de exponer una reclamación que justificara la concesión de un remedio por la falta de agotamientos de remedios administrativos.

Inconforme con dicha determinación, el apelante presentó *Escrito en determinaciones de hechos adicionales y/o solicitud de reconsideración* el 26 de abril de 2024.[17] El TPI declaró No Ha Lugar ese petitorio y se sostuvo en su determinación original.[18]

Aún inconforme, el apelante acudió ante este Tribunal de Apelaciones el 24 de mayo de 2024 y nos señala la comisión de los siguientes errores:

> **Primer Error:** Err[ó] el TPI en desestimar la demanda por no agotar los remedios administrativos, cuando el CRIM nunca notificó la deuda, a pesar de las gestiones del Apelante, notificación esencial para comenzar el proceso administrativo.
>
> **Segundo Error:** Err[ó] el TPI en desestimar la demanda por no agotar los remedios administrativos cuando el CRIM nunca notificó la deuda, dejando en el limbo al Apelante.

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A.**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra." *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). La citada regla dispone "que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la**

---

[17] Apéndice del recurso, págs. 36-44.
[18] Apéndice del recurso, págs. 45-46.

**concesión de un remedio**; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2." (Énfasis en el original). *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016).

Al resolver una moción de desestimación bajo la Regla 10.2 (5), *supra*, los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 428. La norma que impera es que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante." *Id.*, pág. 429. Por lo tanto, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y 'únicamente procedería [desestimar] cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'." *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. Además, "[t]ampoco procede la desestimación, si la demanda es susceptible de ser enmendada" *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 429.

Nuestro máximo foro judicial ha expresado que al examinar una moción de este tipo "debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 429 que cita a *Pressure Vessels P.R. v. Empire Gas P.R.*, [137 DPR 497 (1994)], *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Además, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la demanda y excluir de sus análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir

que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis, 2010, pág. 268.

El doctor Cuevas Segarra nos comenta que el Tribunal Supremo de Puerto Rico explicó de forma acertada en *Reyes v. Sucn. Sánchez Soto* lo siguiente:

> El texto de la actual Regla es a[u]n más favorable para un demandante, ya que la moción para desestimar no ha de considerarse s[o]lo a la luz de una causa de acción determinada y sí a la luz del derecho del demandante a la concesión de un remedio, cualquiera que [e]ste sea. En vista de ello, las expresiones que hicimos en el caso de Boulon, particularmente la de que una demanda no debe ser desestimada por insuficiencia, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación, tienen aún mayor virtualidad […]. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo II, Publicaciones JTS, 2011, pág. 528 que cita a *Reyes v. Sucn. Sánchez Soto*, 98 DPR 305,309 (1970).

Para que el demandado prevalezca al presentar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* "debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor." *Id.,* pág. 529. Sin embargo, esto último "se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente que de su faz no den margen a dudas". Cuevas Segarra, *op. cit.*, pág. 529.

Por último, cabe mencionar que se plantea que cuando se presenta una moción de desestimación bajo la Regla 10.2 (5), *supra,* "[l]a controversia no es si el demandante va finalmente a prevalecer, sino, si tiene derecho a ofrecer prueba que justifique su reclamación, asumiendo como ciertos los hechos [correctamente] alegados en la demanda." *Id.,* pág. 530. Así pues, al analizarse una moción de desestimación presentada tras una demanda "el tribunal debe concederle el beneficio de cuanta inferencia sea posible de los hechos alegados en dicha demanda". *Id.,* pág. 532.

**B.**

La Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601 *et seq.* (LPAU), establece el estándar de revisión judicial de órdenes, resoluciones y providencias dictadas por las agencias administrativas. Dispone la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, que "[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones . . .".

En virtud de ello, se requiere que la parte que recurre ante el Tribunal de Apelaciones para solicitar la revisión de una determinación de la agencia administrativa debe haber agotado remedios provistos por la propia agencia. *Moreno Ferrer v. JRCM*, 209 DPR 430, 435 (2022). Se trata de una autolimitación judicial que persigue que las reclamaciones sometidas inicialmente a la esfera administrativa lleguen al foro judicial en el momento apropiado. *Id.* "Su propósito principal es evitar una intervención judicial innecesaria y a destiempo que tienda a interferir con el cauce y desenlace normal del procedimiento administrativo." *Id.*, pág. 435.

La doctrina de agotamiento aplica en los casos en los que una parte instó una acción ante la agencia y acude luego al tribunal sin antes haber completado la gestión administrativa. *Moreno Ferrer v. JRCM, supra*, que cita a *AAA v. UIA*, 200 DPR 903, 911 (2008). Así pues, "[e]l agotamiento de remedios presupone la existencia de un procedimiento administrativo que comenzó, o que debió haber comenzado, pero que no finalizó porque la parte concernida recurrió al foro judicial antes de que se completase el referido procedimiento administrativo". *Id.*, que cita a J.A. Echevarría Vargas, *Derecho administrativo puertorriqueño*, 4ta ed. rev., San Juan, Ed. SITUM, 2017, pág. 71.

Para prescindir de este requisito de agotamiento, es necesario que la parte recurrente demuestre hechos específicos que justifiquen la

intervención del Tribunal. *Procuradora Paciente v. MCS*, 163 DPR 21, 35 (2004). Por ejemplo, no procede la aplicación de esta doctrina cuando: "(1) dar curso a la acción administrativa cause un daño inminente, material, sustancial y no teórico o especulativo; (2) el remedio administrativo constituya una gestión inútil, inefectiva y que no ofrezca un remedio adecuado; (3) la agencia claramente no tenga jurisdicción sobre el asunto y la posposición conllevaría un daño irreparable al afectado, o (4) el asunto es estrictamente de derecho". *ORIL v. El Farmer, Inc.*, 204 DPR 229, 240 (2020); Sección 4.3 de la LPAU, 3 LPRA 9673. Ausentes estas circunstancias, el trámite administrativo ha de continuar sin la intervención del Tribunal.

Por otro lado, sabido es que los tribunales deben ser celosos guardianes de su jurisdicción a los fines de poder atender los recursos presentados ante sí. *Souffront v. A.A.A.,* 164 DPR 663, 674 (2005). Por ello, no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio se la pueden otorgar. *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). La ausencia de jurisdicción es insubsanable. *Id.* Por lo cual, cuando un tribunal determina que no tiene la autoridad para atender un recurso, solo puede así declararlo y desestimar el caso. *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

### C.

Las revisiones judiciales de las decisiones administrativas dictada por el CRIM sobre deficiencias, tasaciones e imposiciones contributivas de las propiedades muebles e inmuebles se rigen por lo dispuesto en el Título VII de la Ley Núm. 107-2020, según enmendada, conocida como *Código Municipal de Puerto Rico* (Código Municipal), 21 LPRA sec. 7001. Sección 4.1 de la LPAU, 3 LPRA sec. 9671.

El Artículo 7.046 del Código Municipal, 21 LPRA sec. 8003, dispone lo siguiente sobre la imposición de la contribución y su notificación:

> A medida que la tasación o revisión de tasación de propiedad vaya haciéndose, el CRIM impondrá la contribución correspondiente, conforme a ellas, y la notificará conforme se dispone en esta parte.

Igualmente, el CRIM impondrá y notificará la contribución resultante cuando se hiciere algún cambio en la tasación vigente de la propiedad de cualquier contribuyente, o se tasare la propiedad de un contribuyente que no hubiere sido anteriormente tasada.

**El CRIM remitirá por correo postal o a la dirección electrónica que consta en el expediente del contribuyente, una notificación de la imposición de la contribución sobre la propiedad inmueble**. La notificación al contribuyente deberá incluir un aviso adecuado sobre su derecho a solicitar por escrito una revisión administrativa de conformidad con el procedimiento establecido para dicha revisión en este Capítulo. No será necesaria ninguna otra notificación o aviso de la imposición de la contribución y, a los efectos del pago de la misma, la notificación a la dirección de correo postal o electrónico, constituirá respecto a cada contribuyente plena notificación de la imposición de la contribución. El CRIM de Ingresos Municipales vendrá obligado a proveer al contribuyente copia de la tarjeta u hoja de tasación de la propiedad inmueble, a solicitud del contribuyente, y luego del pago del arancel que el CRIM establezca para esos fines. (Énfasis nuestro.)

Asimismo, el Artículo 7.065 del Código Municipal, 21 LPRA sec. 8022, establece los procedimientos para la revisión administrativa e impugnación judicial de la contribución sobre la propiedad inmueble. El referido artículo dispone lo siguiente:

**Si el contribuyente no estuviere conforme con la notificación de la imposición contributiva emitida por el CRIM podrá solicitar por escrito a este una revisión administrativa donde se expresen las razones para su objeción, la cantidad que estime correcta, e incluir, si lo entiende necesario, la evidencia o documentos correspondientes. La solicitud de revisión administrativa se presentará dentro del término de treinta (30) días calendario, a partir de la fecha de depósito en el correo y/o de manera electrónica de la notificación de la contribución provista por el Artículo 7.046 de este Capítulo, siempre y cuando el contribuyente, dentro del citado término**:

(1) Pague al CRIM el cien por ciento (100%) de la parte de la contribución anual con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución anual con la cual no estuviere conforme; o

(2) Pague al CRIM la totalidad de la contribución anual impuesta.

El contribuyente que solicite una revisión administrativa, según se dispone en este Artículo, no podrá acogerse al descuento por pronto pago dispuesto en este Capítulo, excepto cuando pague la totalidad de la contribución anual impuesta, dentro de los términos prescritos por ley para tener derecho al descuento. (Énfasis nuestro.)

**III**

En su recurso apelativo, el apelante presentó dos (2) señalamientos de error por parte del foro primario. En primer lugar, planteó que erró el TPI al "desestimar la demanda por no agotar los remedios administrativos, cuando el CRIM nunca notific[ó] la deuda, a pesar de las gestiones del Apelante, notificación esencial para comenzar el proceso administrativo." Además, señaló como segundo error que el TPI erró "al desestimar la demanda por no agotar los remedios administrativos cuando el CRIM nunca notific[ó] la deuda, dejando en el limbo al Apelante." Por estar íntimamente relacionados, discutiremos los errores en conjunto.

Nuestro ordenamiento jurídico requiere que la parte que acude ante el Tribunal de Apelaciones para solicitar la revisión de una determinación de la agencia administrativa debe agotar los remedios provistos por la propia agencia. *Moreno Ferrer v. JRCM*, *supra*. Para prescindir de la doctrina de agotamiento de remedios administrativos, la parte demandante **debe demostrar hechos específicos que justifiquen la intervención del Tribunal**. *Procuradora Paciente v. MCS*, *supra*. De este modo, no procede la aplicación de esta doctrina cuando: "(1) dar curso a la acción administrativa cause un daño inminente, material, sustancial y no teórico o especulativo; (2) el remedio administrativo constituya una gestión inútil, inefectiva y que no ofrezca un remedio adecuado; (3) la agencia claramente no tenga jurisdicción sobre el asunto y la posposición conllevaría un daño irreparable al afectado, o (4) el asunto es estrictamente de derecho". *ORIL v. El Farmer, Inc.*, *supra*, pág. 240.

En el caso de autos, el apelante alega que le solicitó al CRIM una notificación y certificación, sin embargo, la citada agencia se negó a entregar la misma. Por su parte, el CRIM arguyó que la parte apelante no había agotado los remedios administrativos por lo que procedía la desestimación de la acción presentada en su contra.

Surge del expediente del caso de epígrafe que el TPI le ordenó al apelante acreditar las gestiones realizadas para obtener la notificación que

establece el Artículo 7.065 del Código Municipal, *supra*, y al apelado que aclarara cómo el apelante debía agotar los remedios administrativos sin la notificación que establece el aludido artículo. A pesar de lo ordenado por el foro primario, no encontramos en el expediente del caso que el apelante haya acreditado con hechos específicas, como requiere nuestro ordenamiento jurídico, que establezcan que este haya presentado alguna solicitud ante el CRIM en torno a la impugnación de la contribución sobre la propiedad inmueble.

Cabe señalar que el apelante compareció tardíamente para replicar el *Escrito en Cumplimiento de Orden* presentado por el CRIM para alegar nuevamente que había solicitado en varias ocasiones la revisión de la deuda y/o la notificación formal, pero que nunca fue contestada su solicitud. Solo menciona como hechos específicos que acudió en varias ocasiones al CRIM para solicitar la notificación, pero la agencia alegadamente hizo caso omiso de su solicitud. Además, señaló que intentó comunicarse con la representación legal del CRIM mediante llamadas y correos electrónicos. Sin embargo, el apelante solo anejó en su réplica unos correos electrónicos fechados con los días 17 de enero de 2024 y 7 de febrero de 2024, dirigidos a la representación legal del CRIM. Es decir, el apelante solo presentó alegaciones generales sobre las gestiones realizadas en el CRIM y unos correos electrónicos que fueron enviados cuatro meses luego de presentada la acción ante el TPI.

Por su parte, el CRIM aclaró que el apelante debe solicitar una certificación de deuda y/o eliminación de deuda para poder comenzar el trámite administrativo e impugnar la contribución ante la agencia. De igual forma, el CRIM acreditó con documentos que el apelante había solicitado, luego de presentada la acción ante el TPI, algunos trámites administrativos relacionados al inmueble objeto de este pleito. Así pues, esto es demostrativo de que el apelante conoce de los procesos administrativos ante el CRIM.

Evaluado detenidamente el dictamen apelado a la luz del derecho expuesto, resolvemos que el TPI procedió de forma correcta al declarar Con Lugar la moción de desestimación presentada por el CRIM por la falta de agotamiento de los remedios administrativos ante esta agencia.

**IV**

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

**Notifíquese.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones